IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REGINALD DEWAYNE HARVEY, | § | |
|     Petitioner, | § | |
| | § | 3:16-CV-1377-G |
| v. | § | 3:14-CR-0181-P |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

I.

Petitioner filed this petition to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. He is represented by Federal Public Defender. For the foregoing reasons, the Court finds the petition should be GRANTED.

Petitioner was indicted for being a felon in possession of a firearm (Count One) and possessing heroin with intent to deliver (Count Two). Based on Petitioner's prior convictions, he was subject to the enhanced penalty provisions of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Petitioner pled guilty to both counts pursuant to a written plea agreement. The Court sentenced him to 188 months on both Counts One and Two, to be served concurrently. The Court also imposed concurrently-served terms of supervised release for three years on both

counts. Petitioner did not appeal his conviction or sentence.

On May 19, 2016, Petitioner filed the instant § 2255 petition. He argues his sentence is unlawful under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual clause of the ACCA. On July 20, 2016, the government filed its answer and agreed with Petitioner's motion as to the Count One gun charge, but opposed his motion as to the Count Two drug charge. The government requests that the district court reduce Petitioner's sentence on Count One to the statutory maximum of 120 months, and leave the original sentence on Count Two undisturbed. On November 9, 2016, Petitioner filed a reply arguing that both his sentences should be vacated and he should be resentenced.

II.

Petitioner argues his sentence on Count Two must be vacated because the sentence was part of a bundled sentencing package that was based on the ACCA enhancement in Count One. The record shows that because there were multiple counts of conviction, the grouping rules under Chapter 3, part D of the Sentencing Guidelines were applied to determine the total offense level. (See PSR ¶ 25.) Under § 3D1.3(a) the offense level applicable to the grouped offenses was the offense level for the most serious count. The Count One gun charge was the most serious count, so the guidelines were calculated under § 2K2.1. (*Id.* at ¶ 26.) This resulted in an adjusted offense level of 34. (*Id.* at 32.) If the ACCA had not been applied, and instead the career enhancement provisions under § 4B1.1 had been applied,[1] the adjusted offense level would have been 32. (*Id.* at ¶ 31.)

---

[1] Petitioner states that if the district court grants a full re-sentencing, he intends to argue he is no longer eligible for sentencing as a career offender. (*See* Reply at 2 n.1).

After applying the ACCA, and subtracting three offense levels for acceptance of responsibility, Petitioner's total combined offense level was 31, with a criminal history of VI. (*Id.* at 35.) This resulted in a guideline range of 188 to 235 months. (*Id.* at ¶ 90.) The Court sentenced Petitioner to 188 months on each count to run concurrently.

The Court finds that Petitioner's sentences on the two counts were bundled. Application of the ACCA to both of Petitioner's sentences made the sentences interdependent. The Fifth Circuit has described the interdependency of bundled sentences as follows:

> When, on appeal, one or more counts of a multicount conviction are reversed and one or more counts are affirmed, the result is an "unbundled" sentencing package. Because the sentences are interdependent, the reversal of convictions underlying some, but not all, of the sentences renders the sentencing package ineffective in carrying out the district court's sentencing intent as to any one of the sentences on the affirmed convictions.

*United States v. Bass*, 104 F.App'x 997, 1000 (5th Cir.2004) (*Bass II*) (quoting *United States v. Shue*, 825 F.2d 1111, 1114 (7th Cir. 1987).

Further, although the government argues Petitioner's sentence on Count Two should not be vacated because it remains a within-guidelines sentence, this does not determine the issue. As the Fifth Circuit stated in *Bass II*, where vacature of one count of conviction "*could* result in a reduced total sentence [for a defendant], it would be unjust for [the defendant] not to be resentenced." *Id.* at 1000 (emphasis original).

The government also argues Petitioner's challenge to Count Two is barred by the statute of limitations, is procedurally defaulted, and that Petitioner waived any challenge to Count Two. As discussed above, however, Petitioner's sentence on Count Two was dependent on application of the enhancement under the ACCA. The government states it is not asserting any affirmative defenses, including waiver, "that might prevent the Court from granting Harvey relief from the

ACCA sentence imposed." (Resp. at 4.) The Court therefore finds Petitioner's challenge to Count Two is not waived and is not barred by limitations or procedural default.

Additionally, the government argues, citing *United States v. Clark*, 816 F.3d 350 (5th Cir. 2016), that a new resentencing hearing is unnecessary, and that the Court should only enter an amended judgment as to Count One. In *Clark*, however, the court noted that the reversed count in that case was not part of a bundled sentence package. *Id.* at 360. In this case, the two sentences were part of an integrated sentence package. The Court has also determined that both sentences should be vacated, rather than just Count One as urged by the government. The Court therefore recommends a new resentencing hearing.

III.

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition under § 2255 be GRANTED and that his sentences be VACATED. The Court further recommends that the district court enter an order in the criminal case setting a schedule for resentencing and provide deadlines for any additional submissions from Probation or the parties.

Signed this ___ day of _____ 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).